# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 15-01306-VAP (SPx)                Date:  September 16, 2015

Title:      RYAN GILBERT -v- INFINITY INSURANCE COMPANY, ET AL
============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

        None                                  None

PROCEEDINGS:        MINUTE ORDER DENYING MOTION TO REMAND (IN
                    CHAMBERS)

        Plaintiff moves this Court to remand this action to state court, from which it was removed by Defendant. For the reasons stated below, the Court DENIES the motion.

## I. BACKGROUND

        On March 24, 2015, Plaintiff filed the present action in the Superior Court of the State of California, County of Riverside, as Case No. RIC1503590.  (Doc. No. 1, Ex. A ("Complaint") at 1.)  The Complaint, served April 16, 2015, asserts two causes of action, all under state law, relating to insurance coverage of a car accident involving Plaintiff's 2006 Toyota Tacoma.  (Complaint at 2-3.)  Plaintiff's insurance claim was denied for "lack of supporting documentation."  (Complaint at 4.)  Among other forms of relief, Plaintiff requested special and economic damages, punitive damages, prejudgment interest, and costs of suit.  The Complaint does not list any prospective monetary amounts.

MINUTES FORM 11                          Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

EDCV 15-01306-VAP (SPx)
RYAN GILBERT v. INFINITY INSURANCE COMPANY, ET AL
MINUTE ORDER of September 16, 2015

Defendant and Plaintiff then entered settlement negotiations.  On June 18, 2015, Plaintiff demanded $125,000 to settle all claims.  (Doc. No. 1, ("Demand Letter").)  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441.  (Doc. No. 1 ("Removal Notice").)  Plaintiff contends that the removal was untimely because the thirty-day time period to remove the action began after when the Complaint was served.  (See Doc. No. 8.)  Defendant argues the time period began after receiving the Demand Letter, and therefore, removal was timely.  (See Doc. No. 11, Defendant Infinity Insurance Company's Amended Opposition to Plaintiff's Motion to Remand ("Opp'n").)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.  A civil action may also be removed when a defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable." 28 U.S.C. § 1446(b)(3).

The removal statute is construed strictly against removal.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The strong presumption against removal ensures that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.

The time limit for removal is set forth under 28 U.S.C. § 1446(b), which provides two thirty-day windows during which a case may be removed to a federal district court: (1) thirty days after a defendant receives the initial pleading; or (2) thirty days after the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable." 28 U.S.C. § 1446 (b)(3); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  The Ninth Circuit has clearly stated, "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006).

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 2

EDCV 15-01306-VAP (SPx)
RYAN GILBERT v. INFINITY INSURANCE COMPANY, ET AL
MINUTE ORDER of September 16, 2015

# III. DISCUSSION

## A.    The Complaint Did Not Establish Removability

Under 28 U.S.C. § 1446(b), a case first may be removed in the thirty-day period after a defendant receives the initial pleading.  The "ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F. 3d 1136, 1139 (9th Cir. 2013).

According to Plaintiff, his Complaint was sufficient for Defendants to "intelligently ascertain removability."  (Plaintiff's Memorandum of Facts and Law in Support of Motion to Remand, 3.)  Plaintiff contends this caused the first thirty-day window to run, and removal therefore was untimely.  Plaintiff relies on two cases to support his argument (see Doc. No. 8); as here, in both cases, the plaintiffs' complaints sought damages, but did not plead any dollar amounts.  See generally Rodriguez v. Boeing Co., No. CV-14-04265-RSWL (AGRx), 2014 WL 3818108, at *3 (C.D. Cal. Aug. 1, 2014) (seeking damages for lost income); Mendoza v. American Airlines, Inc., No. CV 10-7617 RSWL (JCx) 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010) (seeking damages for lost income and lost benefits).

The Rodriguez court held that it was "facially apparent" from the complaint that the amount in controversy requirement was met, and thus the thirty-day period began after it was served.  Rodriguez, 2014 WL 3818108, at *3.  The plaintiff in Rodriguez sought damages from lost income and lost benefits.  Id. at *5-7.  The defendants had already estimated the plaintiff's lost income and wages would constitute $135,000, and thus should have known the amount in controversy requirement was satisfied based on the pleadings in the complaint.  Id.

Similarly, in Mendoza, the plaintiff sought damages from lost income (which defendants knew amounted to $49,980) and lost benefits, as well as emotional distress.  Mendoza, 2010 WL 5376375 at *3.  The Mendoza court also held that it was facially apparent from the complaint that the amount in controversy requirement was satisfied.  Id. at *4.  The defendants, because they knew the plaintiff's salary information, should have known the amount in controversy requirement was met based on the complaint.

EDCV 15-01306-VAP (SPx)
RYAN GILBERT v. INFINITY INSURANCE COMPANY, ET AL
MINUTE ORDER of September 16, 2015

In both cases defendants had outside knowledge that would allow them to understand, based on the allegations in the complaint, the amount in controversy requirement was met.  <u>Mendoza</u>, 2010 WL 5376375, at *3; <u>Rodriguez</u>, 2014 WL 3818108, at *3.  Here, Defendants had no such outside knowledge.

Plaintiff never demanded a specific amount of money before the Complaint was filed in its insurance claim  (<u>see</u> Opp'n at 3), and also did not allege sufficient information in its Complaint to establish the amount in controversy requirement was met.  (<u>See</u> Doc. No. 1.)  Defendants, unlike the defendants in both <u>Mendoza</u> and <u>Rodriguez</u>, had no outside knowledge establishing the amount in controversy requirement was satisfied.

The thirty-day window thus did not begin to run until Plaintiff provided Defendants with the Demand Letter.

## B. Defendants' Removal Was Timely

After the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable," defendants have thirty days to remove.  28 U.S.C. § 1446(b)(3).  The Demand Letter was sent on June 18, 2015.  The action was removed to this Court on July 2, 2015, well within the mandatory thirty-day period.  Accordingly, this Court has original jurisdiction over the action, and removal was proper.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 4